IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-2226 |
| CHAMPION FIBERGLASS, INC., | § § § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NATURE OF THE ACTION**

1.      This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and national origin, and to provide appropriate relief to Charging Party Freddie Foster (hereinafter "Foster"), Black non-Hispanic male, and a class of non-Hispanic applicants and job seekers who were adversely affected by such practices. As alleged with greater particularity in paragraphs 14 through 15 below, Defendant Champion Fiberglass, Inc. has engaged in unlawful discrimination by:

a) engaging in a pattern or practice of unlawfully failing to hire and/or to recruit non-Hispanic applicants and job seekers, including Foster and others, for laborer positions because of their race and/or national origin; and

b) maintaining policies and/or engaging in employment practices that have a disparate impact on non-Hispanic applicants and job seekers.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.  Venue is appropriate in this court.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (hereinafter "Plaintiff" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

5. At all relevant times, Defendant Champion Fiberglass, Inc. (hereinafter "Defendant" or "Champion") has continuously been a Texas corporation doing business in the State of Texas, in the City of Spring, County of Harris, including at the address of 6400 Spring Stuebner Road, Spring, TX 77389, and has continuously had or during the relevant time period had, at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

7. Defendant's registered agent for service of process is Goren Haag at 6400 Spring Stuebner Road, Spring, TX 77389.

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission by Foster, alleging violations of Title VII by Defendant. Also more than thirty days prior to the institution of this lawsuit, the Commission issued notice to Defendant that the charge investigation had been extended to investigating allegations that Defendant had failed to recruit and/or hire classes of Blacks and other Non-Hispanics for laborer jobs.

9. On June 30, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On January 13, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

14. Since at least 2013, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by failing and/or refusing to recruit and to hire non-Hispanic applicants and job seekers because of such individuals' race and/or national origin. Defendant's unlawful policies and practices include but are not limited to the following:

a) Defendant has unlawfully failed to hire qualified non-Hispanics for laborer positions because of such individuals' race and/or national origin.

b) Defendant has maintained a requirement that employees, and thus, applicants and job seekers, speak Spanish.

c) Defendant has denied applications to non-Hispanic applicants for employment and job seekers because they are not Hispanic and/or not Spanish speaking. For example, Defendant refused to provide Foster with an application after he responded to a sign posted by Defendant advertising for laborer positions. Foster was told by Defendant he was being denied the application because he did not speak Spanish. Defendant has also told other applicants for employment that they could not apply and/or would not be hired because they do not speak Spanish.

d) Defendant has affirmatively used word of mouth recruiting from an almost exclusively Hispanic laborer workforce, and has preferred Spanish speakers in hiring for laborer positions.

e) Defendant was aware that its policies and practices, including word of mouth recruiting and Spanish speaking requirement, had an adverse impact on non-Hispanic job seekers and applicants and continued to engage in these practices.

f) Because of Defendant's discriminatory pattern or practice, there is and/or has been a statistically significant underrepresentation of non-Hispanic laborer hires and employees at Defendant's workplace, although the workplace is located within commuting distance of a large residential population of non-Hispanic Blacks and Whites.

15. Since at least 2013, Defendant has engaged in unlawful employment policies and practices that adversely impact non-Hispanic applicants and job seekers in violation of Sections 703(a)(2) and 703(k) of Title VII, 42 U.S.C. §§ 2000e-2(a)(2) and (k). Defendant's unlawful policies and practices include but are not limited to the following:

a) Defendant has affirmatively used word of mouth recruiting from an almost exclusively Hispanic laborer workforce.

b) Defendant has preferred Spanish speakers in hiring for laborer positions.

c) Defendant's affirmative use of word of mouth recruiting from an almost exclusively Hispanic laborer workforce to fill vacant jobs was done with its full knowledge that this practice has perpetuated an applicant pool and a laborer workforce that are almost entirely Hispanic and Spanish-speaking.

d) Defendant's preference for Spanish speakers in hiring for laborer positions was done with its full knowledge that this practice has perpetuated an applicant pool and a laborer workforce that are almost entirely Hispanic and Spanish-speaking.

e) Respondent's policies and practices described herein, including its Spanish-speaking preference and word of mouth recruiting policy, have led to an applicant pool that is racially and/or ethnically identical to Defendant's incumbent workforce and have resulted in a laborer workforce that is largely Hispanic and that has a statistically significant underrepresentation of non-Hispanic laborer hires and employees.

5

f)   Defendant's Spanish-speaking preference and word of mouth recruiting policy or practice are not job-related and consistent with business necessity.

16.   The effect of the practices complained of in paragraphs 14 through 15 above has been to deprive non-Hispanics of equal employment opportunities and otherwise adversely affect their status as applicants and job seekers because of their race and/or national origin.

17.   The unlawful employment acts, omissions and practices complained of in paragraph 14 above have been and are intentional.

18.   The unlawful employment practices complained of in paragraph 14 above have been and are done with malice or with reckless indifference to the federally protected rights of non-Hispanic applicants and job seekers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on race or national origin.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for non-Hispanics, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole non-Hispanics harmed by the practices described above by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of qualified non-Hispanics.

D.     Order Defendant to make whole non-Hispanics harmed by the practices described above by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 14 above, including pay losses and job search expenses, in amounts to be determined at trial.

E.     Order Defendant to make whole non-Hispanics harmed by the practices described above by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 14, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendants to pay non-Hispanics harmed by the practices described above punitive damages for the malicious and reckless conduct described in paragraph 14 in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

/s/ Connie W. Gatlin
CONNIE WILHITE GATLIN
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
(713) 651-4976
(713) 651-7995 [facsimile]
connie.gatlin@eeoc.gov

OF COUNSEL:

RUDY SUSTAITA
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th floor
Houston, Texas 77002