IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § Plaintiff, § § vs. § § CHAMPION FIBERGLASS, INC., § § Defendant. § | CIVIL ACTION NO. 4:17-cv-2226 |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Champion Fiberglass, Inc. ("Defendant") files this Original Answer and Affirmative and Other Defenses to Plaintiff Equal Employment Opportunity Commission's ("EEOC" or "Plaintiff") Original Complaint ("Complaint"), and responds to the correspondingly numbered paragraphs in the Complaint as follows:

**I.
DEFENDANT'S ORIGINAL ANSWER**

NATURE OF THE ACTION

1. Defendant admits that Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, as amended, seeking relief for alleged Charging Party Freddie Foster and a purported class of non-Hispanic applicants and job seekers. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 1, including subparagraphs (a) – (b), of the Complaint.

JURISDICTION AND VENUE

2. Defendant admits that Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. Defendant further admits that Plaintiff alleges

that this action is authorized and instituted pursuant to Section 706(f)(1) and (3), and Section 707, of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff alleges that the alleged unlawful employment practices occurred within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, and thus venue is appropriate in this Court. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

## ADMINISTRATIVE PROCEDURES

8. Defendant admits that more than 30 days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission against Defendant, alleging violations of Title VII, and that the Commission issued notice to Defendant that the charge investigation had been extended to investigating allegations that Defendant had failed to recruit and/or hire classes of Blacks and other non-Hispanics for laborer jobs. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that on July 1, 2016, the EEOC sent a Letter of Determination alleging that Defendant violated Title VII and inviting Defendant to participate in the

conciliation process. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that it participated in good faith in the conciliation process with Plaintiff. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that conciliation efforts between the parties were unsuccessful. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that on February 13, 2017, the EEOC sent Defendant a Failure of Conciliation letter. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## STATEMENT OF ALLEGED CLAIMS

14. Defendant denies the allegations contained in Paragraph 14, including subparagraphs (a) through (f), of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15, including subparagraphs (a) through (f), of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

## PRAYER FOR RELIEF

19. Defendant is not required to respond to Plaintiff's Prayer for Relief. However, to the extent the prayer or its subparagraphs (A) through (H) assert any factual allegations,

Defendant denies every allegation contained therein. Defendant further denies that Plaintiff is entitled to any of the relief requested therein.

### JURY TRIAL DEMAND

20.     Defendant admits that Plaintiff demands a jury trial on all questions of fact raised by Plaintiff's Complaint.  Except as expressly admitted, Defendant denies the allegations contained in the Jury Trial Demand Paragraph of Plaintiff's Complaint, including that Plaintiff is entitled to a jury trial on all of the matters asserted herein.

## II.
## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing, and pleading in the alternative as necessary, Defendant pleads the following additional affirmative and other defenses:

### FIRST DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent Plaintiff's claims and allegations exceed the reasonable scope of the Charge allegedly filed by purported applicant Freddie Foster ("Foster") on or about June 6, 2013, EEOC Charge No. 846-2013-35603, all such claims and allegations are barred.

### THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies in whole or in part.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred to the extent an individual on whose behalf it purports to act failed to exhaust available administrative remedies and/or comply with applicable statutes of limitation.

### SIXTH DEFENSE

Plaintiff cannot recover for its discrimination claims because it cannot show that any allegedly aggrieved individual suffered any adverse employment action because of his or her race or national origin.

### SEVENTH DEFENSE

Any actions concerning Foster, or others for whom Plaintiff seeks relief, were taken for legitimate, nondiscriminatory business reasons.

### EIGHTH DEFENSE

Employment actions relating to Foster, or others for whom Plaintiff seeks relief, about which Plaintiff now complains, were taken for reasons other than such individuals' race, national origin or any other alleged status by which Plaintiff claims they are protected.

### NINTH DEFENSE

Plaintiff cannot establish a pattern or practice of discrimination because its allegations are not sufficient to establish that alleged discrimination was Defendant's standard operating procedure.

### TENTH DEFENSE

The alleged policies that are the subject of Plaintiff's Complaint are job-related and consistent with business necessity.

ELEVENTH DEFENSE

To the extent any representative of Defendant committed the actions alleged by Plaintiff, which Defendant denies, those individuals' actions were committed outside the scope of their employment and Defendant cannot be held responsible under the theory of *respondeat superior*.

TWELFTH DEFENSE

To the extent any representative of Defendant committed the actions alleged by Plaintiff, which Defendant denies, Defendant neither knew or should have known of any such conduct.

THIRTEENTH DEFENSE

Without waiver of Plaintiff's burden to prove that any alleged failure to hire Foster, or others for whom Plaintiff seeks relief, was motivated by impermissible factors, assuming *arguendo* that impermissible factors were motivating factors for any employment practice, Defendant would have taken the same action regardless of such individuals' protected status.

FOURTEENTH DEFENSE

Any alleged violations of any state or federal statute were not willful.  At all relevant times, Defendant neither knew that its actions violated any statutes, nor showed a reckless disregard for whether its actions violated any statutes.

FIFTEENTH DEFENSE

Foster and other alleged persons on whose behalf Plaintiff has filed suit have failed to mitigate their alleged damages in whole or in part, and Defendant is entitled to an offset to the extent of any mitigation by Foster or other such alleged persons.

SIXTEENTH DEFENSE

Plaintiff cannot recover back pay for more than two years prior to the filing of EEOC Charge No. 846-2013-35603 on or about June 6, 2013.

SEVENTEENTH DEFENSE

Plaintiff's Complaint is barred to the extent it alleges claims that precede 300 days of the charge of alleged discrimination purportedly filed by Foster on or about June 6, 2013, which is EEOC Charge No. 846-2013-35603.

EIGHTEENTH DEFENSE

The alleged damages Plaintiff seeks in this lawsuit were not caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or permitted by Defendant.

NINETEENTH DEFENSE

Defendant did not use, implement or engage in any employment policies or practices having an impermissible or unlawful disparate impact on Black or other non-Hispanic employees, applicants or job-seekers.

TWENTIETH DEFENSE

Plaintiff's damages are limited, in whole or in part, by 42 U.S.C. § 1981a, 29 U.S.C. § 216, and all other applicable caps and limitations on damages.

TWENTY-FIRST DEFENSE

The persons for whom Plaintiff seeks back pay damages are barred from such recovery, in whole or in part, by the after acquired evidence doctrine.

TWENTY-SECOND DEFENSE

Plaintiff cannot recover compensatory or punitive damages on its claims under Section 707 of Title VII, nor is it entitled to a jury trial on same.

### T<small>WENTY</small>-T<small>HIRD</small> D<small>EFENSE</small>

Plaintiff cannot recover punitive damages for any alleged discrimination because any such alleged discrimination would be contrary to Defendant's good faith efforts to comply with laws governing such conduct.

\* \* \* \* \*

Defendant reserves the right to plead additional defenses as the facts of this case are developed.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Champion Fiberglass, Inc. prays that Plaintiff take nothing herein, and that Defendant has judgment of its costs and for such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: August 15, 2017

Respectfully submitted,

*/s/ Alexis C. Knapp*
**Alexis C. Knapp (Attorney-in-Charge)**
Texas Bar No. 24060100
Federal I.D. No. 871271
aknapp@littler.com
L<small>ITTLER</small> M<small>ENDELSON</small>, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded filed via ECF with the court, on this the 15th day of August 2017, to the following counsel of record:

James Lee
Gwendolyn Young Reams
U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

Connie Wilhite Gatlin
Rudy Sustait
Rose Adwale-Mendes
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, TX 77002
connie.gatlin@eeoc.com

                                                */s/ Alexis C. Knapp*
                                                Alexis C. Knapp

Firmwide:149405526.1 035476.1045