United States District Court
Southern District of Texas
**ENTERED**
April 17, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-2226 |
| CHAMPION FIBERGLASS, INC., | § § | |
| Defendant. | § § | |

**CONSENT DECREE**

1.      The parties to this Consent Decree ("Decree") are Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "EEOC"), an agency of the United States Government, and Defendant Champion Fiberglass, Inc. ("Defendant" or "Champion"). (Collectively the EEOC and Champion are referred to herein as the "Parties.")

2.      On July 21, 2017, the EEOC filed a lawsuit against Champion to remedy alleged discriminatory recruiting and hiring practices. The EEOC has made claims for pattern or practice discrimination and disparate impact race and national origin discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. The discriminatory practices alleged by the EEOC against Champion include Defendant's purported use of word-of-mouth as its sole recruiting method for laborers, and its alleged policy or practice of maintaining a clear preference for Hispanic, Spanish-speaking laborers and laborer applicants. The EEOC has alleged that these policies and practices have resulted in a laborer workforce that is almost 100% Hispanic.

3.      Defendant has denied all allegations of discrimination alleged by the EEOC. This Decree is a compromise of disputed claims and is being entered into to avoid further disruption, costs, delay, and expense of protracted litigation, and any payments or undertakings made

hereunder are not and should not be construed as an admission of liability.

4.　　This Decree fully and finally resolves all issues, claims, and allegations that Champion engaged in race and national origin discrimination in recruitment and hiring raised in the EEOC's Complaint.

5.　　As part of the settlement of disputed claims, the EEOC agrees that it will not use the Charge which forms the basis for this lawsuit as the jurisdictional basis for filing any other lawsuit against Champion, and this Decree is intended to be the complete resolution of such Charge and of this lawsuit.

## DEFINITIONS

6.　　**Good Faith Efforts**: "Good Faith Efforts" means reasonably, diligently, and in good faith implementing and adequately funding and/or engaging in specified actions which are reasonably designed to comply with all of the specific objectives of this Decree.

7.　　**Eligible Claimant**: For purposes of this Decree, an "Eligible Claimant" is a non-Hispanic, non-Spanish speaking individual who applied for a position with Champion as a laborer and was allegedly not allowed to fill out and/or submit an application for employment or was allegedly deterred from doing so, and who was named in the EEOC's Original Complaint as a potential claimant, and/or who allegedly applied or attempted to apply for a laborer position with Champion from January 1, 2013 to the Effective Date of this Decree, as defined herein, and who was not subsequently hired by Champion. During the term of this Decree, Eligible Claimants may be identified by the EEOC or Champion. However, the determination of whether an individual is, in fact, an Eligible Claimant, and thus, eligible for receipt of Settlement Funds, shall be in the sole discretion and at the sole direction of the EEOC.

8.　　**Applicant:** An "Applicant" is an individual who requests or has requested a job application for the position of laborer with Champion or who inquires or has inquired about

2

employment as a laborer at any time from January 1, 2013 through the duration of this Decree. The definition of Applicant is not limited only to individuals who complete or specifically request an Application for Employment, as defined at Paragraph No. 9 below, but rather, applies to all individuals who express to Champion an interest in the position of laborer including, but not limited to, in-person inquiries or requests regarding the availability of employment when directed to an agent of Champion who is authorized to accept inquiries or Applications (such as a designated manager, human resources personnel, the Receptionist, or anyone else designated by Champion for that purpose). An Eligible Claimant, as defined above, may also fall within the definition of an Applicant.

9.      **Application for Employment**: As used in this Decree, "Application for Employment" or "Application" includes employment application documents, which may be completed on paper or online (if such an option is made available by Champion), and submitted to Champion in person, via electronic mail, fax or U.S. Mail, or any other means, including online (if the option is available), as well as all documents related to each such Application, including interview notes, emails or other non-privileged (applying a legally-recognized and -defined privilege), Application-related documents, if any, pertaining to the Applicant or an Applicant's Application.

10.     **Third-Party Vendor**: As used in this Decree, a "Third-Party Vendor" means a third party, including a company, organization, agency, or individual, who at any time during the term of this Decree, provides services to the EEOC under any third-party vendor contract, and who is identified to Champion or designated by the EEOC as a Third-Party Vendor. Such services may include, but are not necessarily limited to, providing assistance to the EEOC in locating Eligible Claimants. The EEOC shall have sole discretion in determining whether a company, organization, agency, or individual meets the definition of a Third-Party Vendor for purposes of

3

payment from settlement funds, as set forth below, and enforcement of other provisions of the Decree.

## FINDINGS

11.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

     a.     This Court has jurisdiction of the subject matter of this lawsuit and of the Parties.

     b.     The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, Champion, Eligible Claimants, Applicants, and the public interest are adequately protected by this Decree.

     c.     This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interest of the EEOC, Champion, Eligible Claimants, Applicants, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## SCOPE OF THE DECREE

12.     **Binding on Present and Future Representatives.** The terms of this Decree shall be binding upon all present and future directors, officers, owners, managers, agents, successors, and assigns of Champion, and all persons acting in concert or participation with any of them. The terms of this Decree apply to all facilities owned and operated by Champion.

13.     **Effective Date and Expiration Date.** This Decree will become effective on the date it is entered by the Court ("the Effective Date") and will remain in effect until its date of expiration ("the Expiration Date"), which will be four (4) years after the Effective Date.

## PRACTICES ENJOINED

14.     **Discrimination Enjoined.** For the term of this Decree, Champion, its owners,

officers, agents, employees, successors, and assigns, and all persons acting in concert or participation with any of them, are hereby enjoined from engaging in any employment practice that violates Title VII, including discriminating against Applicants on the basis of race or national origin (which shall include nondiscrimination against Applicants who are non-Hispanic, and/or who are unable to speak Spanish). However, nothing in this Decree, including but not limited to this Paragraph, prevents Champion from hiring an Applicant who is bilingual and/or Spanish speaking who is not preferentially hired as a Laborer for that reason. This Paragraph does not prohibit Champion from complying with the terms of this Decree.

15. **Hiring Preferences and Certain Recruiting Practices Enjoined.** For the term of this Decree, Champion, its owners, officers, agents, employees, successors, and assigns, and all persons acting in concert or participation with any of them, are hereby enjoined from implementing, maintaining, or expressing a preference for Hispanic and Spanish-speaking Applicants or employees. In addition, for the term of this Decree, Champion, its owners, officers, agents, employees, successors, and assigns, and all persons acting in concert or participation with any of them, are hereby enjoined from relying solely or primarily on the use of word-of-mouth recruiting for the position of laborer. This Paragraph does not prohibit Champion from complying with the terms of this Decree.

16. **Interference with Employment Application Enjoined.** Champion, its owners, officers, agents, employees, successors, and assigns, and all persons acting in concert or participation with any of them, are hereby enjoined from prohibiting or discouraging any Applicant from obtaining, completing, or submitting an application for employment on the basis of race or national origin, non-Hispanic, including the inability to speak Spanish. This Paragraph does not prohibit Champion from complying with the terms of this Decree.

17. **Retaliation Enjoined.** Champion, its owners, officers, agents, employees,

5

successors, and assigns, and all persons acting in concert or participation with any of them, are hereby enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination with the EEOC, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or benefitted from any relief provided by this Decree. This Paragraph does not prohibit Champion from complying with the terms of this Decree.

18.     **Failure to Preserve Documents Enjoined.** Defendant, its owners, officers, agents, employees, successors, and assigns, and all persons acting in concert or participation with any of them, are hereby enjoined from failing to make, keep, preserve, and retain all Applications for Employment as a laborer and all related and other documents, as required by Title VII, the related Federal regulations, and this Decree, during the term of the Decree. This Paragraph does not prohibit Champion from complying with the terms of this Decree.

## MONETARY RELIEF

19.     **Total Funds to Be Paid.** The funds to be paid in settlement of this lawsuit by Champion is Two Hundred Twenty-Five Thousand and 00/100 Dollars ($225,000.00). These funds are referenced in this Decree as "Settlement Funds." Settlement Funds shall be paid by Champion to Eligible Claimants and Third-Party Vendors, as directed by the EEOC in its sole discretion.

20.     **Establishment of Account for Payment of Settlement Funds.** Within twenty (20) days of the Effective Date of this Decree, Champion shall deposit the entire sum of Settlement Funds into a separate interest-bearing financial or banking account (the "Settlement Account"), opened and maintained specifically and exclusively for the purpose of paying out Settlement Funds according to this Decree and the EEOC's directives. All interest accruing from the Settlement

Account shall become part of Settlement Funds to be distributed as set forth herein. Within ten (10) days of the date the Settlement Account is opened, Champion shall provide notice to the EEOC certifying that the account was established and identifying the financial institution where the account is located. With the notice, Champion shall also provide written, verified documentation, which includes the Settlement Account number assigned by the financial institution, and which demonstrates that the Settlement Account has been fully funded. In addition, with the notice, Champion shall provide the identity of the person(s) and/or entity authorized to oversee and make distributions from the Settlement Account and to receive the EEOC's directives regarding the distribution of Settlement Funds. If this contact information changes at any time during the term of the Decree, Champion shall provide new contact information to the EEOC, through its Designee identified in Paragraph No. 74 of the Decree, within twenty (20) days of the change.

21.     **Quarterly Accounting.** No later than ninety (90) days after the Settlement Account has been opened and funded by Champion, and every ninety (90) days thereafter or when requested by the EEOC during the term of the Decree, Champion shall provide the EEOC with written, verified documentation of the balance of Settlement Funds, including interest, remaining in the Settlement Account, and an accounting of all monies which have been deposited to or withdrawn from the Settlement Account. Champion shall cooperate in answering any questions regarding the distribution of Settlement Funds posed by the EEOC.

22.     **Maintenance of Settlement Account Until All Settlement Funds Are Distributed; Final Distributions.** Champion shall have complete responsibility for maintaining, overseeing, and closing the Settlement Account according to the terms of this Decree. The Settlement Account shall be maintained by Champion until such time as all Settlement Funds have been distributed to Eligible Claimants in accordance with the EEOC's directives, or the Expiration

Date of this Decree, whichever is later. The EEOC shall submit all such directives to Champion no later than thirty (30) days prior to the Expiration Date of the Decree. Champion shall notify and provide written documentation to the EEOC when all Settlement Funds have been distributed and the balance of the Settlement Account, including all accrued interest, has reached zero. Upon written notice and approval by the EEOC, Champion may then close the Settlement Account. The Settlement Account may be closed prior to the Expiration Date of the Decree if all terms of this Paragraph are satisfied.

23.     **No Reversion.** If any Settlement Funds remain in the Settlement Account as of the Expiration Date, Champion shall immediately notify the EEOC and follow the EEOC's directives regarding final distribution or redistribution of any remaining Settlement Funds to Eligible Claimants identified by the EEOC, which may include Eligible Claimants who have already received a payment(s) of Settlement Funds. In no event shall any Settlement Funds, including accrued interest, revert back to Champion, any successor-in-interest thereto, or Champion's insurance provider.

24.     **Jurisdiction of Court Extended to Enforce Final Distribution.** The Court's jurisdiction to enforce the terms of Paragraph Nos. 22 and 23 of this Decree shall be extended by thirty (30) days past the Expiration Date of the Decree.

25.     **Distribution of Settlement Funds from Settlement Account.** All distributions of Settlement Funds shall be at the sole discretion and direction of the EEOC in accordance with the terms of this Decree. Payment of Settlement Funds to an Eligible Claimant may involve multiple distributions, and the number and amount of distributions to be made to each Eligible Claimant shall be determined solely by the EEOC. Champion will issue payments that will be subject to Internal Revenue Service Forms W-2 and 1099 out of its own company treasury and seek distribution or reimbursement to its treasury from the Settlement Account for payments made to

Claimants, with ten (10) days' notice to the EEOC of the distribution or reimbursement. Each distribution or reimbursement from the Settlement Account to Champion shall be limited to the amount of each applicable payment of Settlement Funds to the relevant Eligible Claimant. Champion shall not seek distribution or reimbursement of any Settlement Funds or any other portion of the Settlement Account not specifically paid, with relevant withholdings described at Paragraph Nos. 27 and 28 of this Decree, to any Eligible Claimant.

26.     **Distribution of Settlement Funds Through Delivery of Settlement Checks.** During the term of the Decree, Champion shall issue and deliver Settlement Funds in the form of a check or cashier's check ("Settlement Check") to each Eligible Claimant no later than twenty (20) days following the date the EEOC requests payment in writing and identifies and provides contact information for the Eligible Claimant and a release of claims executed by the Eligible Claimant in the form attached as **Exhibit A**, attached to this Decree and incorporated herein by reference. Settlement Checks shall be delivered to each Eligible Claimant by overnight mail through the U.S. Postal Service, the United Parcel Service, Federal Express, or a comparable service provider, at Defendant's cost or expense. Within ten days of the delivery of each Settlement Check to each Eligible Claimant, a copy of each such Settlement Check and proof of service of the Settlement Check shall be delivered to the EEOC by Defendant, addressed to the EEOC's Designee.

27.     **Tax Treatment.** Seventy-five percent (75%) of each distribution of Settlement Funds to each Eligible Claimant shall be designated as "compensatory damages," as defined by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Twenty-five percent (25%) shall be designated as back pay from which the Eligible Claimant's share of payroll taxes shall be withheld and distributed by Champion according to law.

28.     **Payment of Income and Payroll Taxes.** The Parties recognize that all or any

portion of the Settlement Funds may be subject to federal income taxes in addition to the withholding described herein. Each Eligible Claimant shall be responsible for paying all additional incomes taxes owed by each. Defendant's share of all applicable payroll taxes (e.g., FICA) shall be the responsibility of Champion.

29.    **Payments to Third-Party Vendors.** At the sole discretion and direction of the EEOC, Champion shall make distributions from the Settlement Account to Third-Party Vendors. Payments made to Third-Party Vendors shall be for the purpose of payment for services performed in conjunction with Paragraph Nos. 10 and 19. Such distribution shall not exceed the difference between the balance of the Settlement Fund and the amounts already distributed, or to be distributed, to Eligible Claimants. The procedures for making such payments to Third Party Vendors shall be governed by the same provisions that pertain to distributions of Settlement Funds to Eligible Claimants set forth in this Decree.

30.    **Failure to Timely Distribute Settlement Funds.** If Champion fails to timely pay any Settlement Check, payment to any Third-Party Vendor or otherwise fails to comply with the terms of distribution of Settlement Funds directed by the EEOC, the EEOC will notify Champion of the failure to comply and Champion shall be afforded an opportunity to cure the non-compliance within fifteen (15) days of the date of notice. If Champion fails to cure the non-compliance within that fifteen (15)-day time period and is unable to provide the EEOC with an explanation for the non-compliance which is satisfactory to the EEOC in its sole discretion along with proposed, remedial measures to rectify any non-compliance, the EEOC shall be authorized to seek immediate relief for such failure by enforcement of this Decree in the United States District Court. If any check issued from the Settlement Funds is returned by Champion's financial institution as unpaid for any reason, including insufficient funds, the payment of Settlement Funds shall be considered as unpaid or past due and the available, non-monetary remedies for such delinquencies set forth in

this Paragraph and Paragraph No. 68 shall accrue to the EEOC. In addition, if any Settlement Check is returned as unpaid by Champion's financial institution, Champion shall notify the EEOC of the return within three (3) business days, provide a current accounting of the Settlement Account, and redistribute the Settlement Check(s) according to the provisions of Paragraph Nos. 25-26.

31.     **Returned or Uncashed Settlement Checks.** Defendant shall promptly notify the EEOC in writing of any Settlement Check returned to Champion as undeliverable or which is not cashed by an Eligible Claimant after a period of ninety (90) days has elapsed from the date on which each such Settlement Check was delivered. Champion shall follow the EEOC's directives for reissuing or redelivering the Settlement Check(s). If Defendant cancels any such Settlement Check(s) at the request of the EEOC, the relevant distribution(s) of Settlement Funds shall be returned to the Settlement Account for redistribution as set forth in this Decree.

32.     **Individual IRS Forms.** Champion or its designee shall issue and deliver to each Eligible Claimant applicable individual Internal Revenue Service Forms W-4 (for requested withholdings), W-2 (for Settlement Funds for which taxes are withheld), and 1099 (for Settlement Funds not subject to withholding by the terms of this Decree) which reflect or pertain to the payments made to the Eligible Claimant of Settlement Funds for the tax year in which such funds are paid to the relevant Eligible Claimant.

## **IDENTIFICATION OF ELIGIBLE CLAIMANTS**

33.     **Good Faith Efforts.** Champion shall engage in Good Faith Efforts to assist the EEOC in locating, identifying, and engaging in outreach to Eligible Claimants for the purpose of distributing of Settlement Funds, including by:

            a.      Identifying appropriate publications, media, and websites to allow the EEOC
                    to maximize its efforts in its posting of advertisements and searching for
                    Eligible Claimants;

11

b.      Reaching agreement as to the content of advertisements utilized by the EEOC;

c.      Receiving and processing telephone, email, and written inquiries from potential Eligible Claimants if and when a potential Eligible Claimant directly contacts Champion or its agent to inquire about this lawsuit, the settlement of the lawsuit, or this Decree; the information to be collected by Champion includes each such individual's name, address, telephone number(s), email address(es), and all other locating information provided, as well as the date(s) on which each such individual applied or purports to have applied for a laborer position with Champion;

d.      Providing all information Champion is required to collect pursuant to Sub-paragraph No. 33(c) to the EEOC within fifteen (15) days of receipt of the information; and

e.      Cooperating with the EEOC in its efforts to locate Eligible Claimants, and otherwise complying with the provisions of this Section of the Decree.

34.     **Designation of Eligible Claimants.** If Champion locates or otherwise becomes aware of any individual who may qualify as an Eligible Claimant, regardless of whether the Champion is able to collect the information specified at Sub-paragraph No. 33(c), Champion shall contact the EEOC within fifteen (15) days for the EEOC to determine whether such individual is, in fact, an Eligible Claimant to be paid according to the terms of this Decree. When the EEOC, in its sole discretion, identifies an Eligible Claimant to Defendant or confirms an individual identified by Champion to be an Eligible Claimant, Champion will not challenge the EEOC's designation and will comply with the terms of this Decree, including distribution of Settlement Funds, once such an individual has been identified.

## <u>RECRUITING, HIRING, AND OUTREACH EFFORTS</u>

35.     **No Hispanic or Spanish-Speaking Preference.** The prohibition against Champion implementing, maintaining, or expressing a preference for Hispanic or Spanish-speaking Applicants or employees at any time during the term of this Decree extends to all written and verbal

communications by Champion, including all job postings, advertisements, and other recruitment documents for the position of laborer.

36.     **No Reliance on Word-of-Mouth Recruiting**. For purposes of the prohibition against Champion relying solely or primarily on the use of word-of-mouth recruiting for the position of laborer as set forth in Paragraph No. 15, "word-of-mouth recruiting" is defined as recruiting Applicants or laborers almost exclusively through recommendations or referrals by existing or former employees of Champion. However, nothing in this Decree shall prevent Champion from also hiring laborers who were personally recommended or referred by existing or former employees of Champion, or other individuals with whom Champion may have a relationship, so long as each such referred individual is required to complete the same application process and is considered for employment using the same criteria as all other Applicants.

37.     **Good Faith Efforts in Reaching Parity in Laborer Hiring Based on Availability Rate.** Champion shall make Good Faith Efforts, as defined at Paragraph No. 6 of this Decree, to recruit and hire qualified, non-Hispanic, non-Spanish speaking Applicants and employees as set forth in this Decree, consistent with their availability in the qualified workforce, and will pursue Good Faith Efforts to attempt to achieve parity in the hiring rates based on the applicable availability rate of qualified non-Hispanic, non-Spanish speaking individuals and qualified Hispanic, Spanish-speaking Applicants who are available in the applicant pool for open and available laborer positions for the duration of this Decree. Such efforts will include engaging in outreach activities, as set forth below, to accomplish this objective. The EEOC's expert witness has determined that the availability rate of non-Hispanic Applicants in the relevant market for the laborer position, which constitutes the percentage of non-Hispanic employees who statistically should be employed by Champion in the position of laborer in any given year, is 46%. This is the "availability rate" that shall apply to Champion's Hiring Goal, as described at Paragraph No. 38 of

this Decree. The EEOC will notify Champion if Plaintiff learns of information that changes the availability rate of eligible workers, and Champion will make changes to its hiring efforts and goals accordingly.

38.     **Hiring Goal.** Champion shall be required to utilize the availability rate described at Paragraph No. 37 as a goal in hiring for open laborer positions from the available applicant pool ("Hiring Goal"). Based on the availability rate, Champion shall make Good Faith Efforts, as defined at Paragraph No. 6, to fill 46% of open and available laborer positions in each year for the duration of this Decree with Applicants who are non-Hispanic, as described at Paragraph No. 37. The Decree does not require that Champion engage in preferential hiring of Applicants of any one race or national origin, nor is Champion required to create additional laborer positions it would not have otherwise needed.

39.     **Good Faith Efforts to Increase Diversity Through Recruitment.** Champion shall engage in Good Faith Efforts to increase diversity in its laborer workforce by conducting recruitment activities aimed at or which include qualified non-Hispanic, non-Spanish speaking Applicants and potential applicants. In pursuit of this endeavor, Champion shall, at a minimum, engage in the following activities:

    a.    Posting or distributing available and anticipated job openings for the position of laborer to at least one English-speaking publication which serves the local community, as well as to other appropriate publications, media, and websites. Champion's plan for posting or distribution of such advertisements shall be submitted to the EEOC for approval within sixty (60) days of the Effective Date of the Decree;

    b.    Engaging in outreach to appropriate community colleges and technical schools to post job openings for applicable laborer positions. Champion will make Good Faith Efforts to identify such educational institutions, and the EEOC may also identify such educational institutions. Champion will submit its plan, including a timeline, for the outreach described in this Sub-paragraph for approval by the EEOC within sixty (60) days of the Effective Date of the Decree; and

     c.     Participating in one or more local job fairs at least once annually for the duration of this Decree beginning no later than one-hundred-twenty (120) days of the Effective Date of the Decree.

40.     **Applications for "Laborer" and "Any Open/Available" Positions.** Champion shall distribute an Application and accept a completed Application from each Applicant and shall not refuse to provide an Application to any Applicant nor shall it refuse to accept a completed Application from any such Applicant. Champion shall maintain all such Applications in a secure location for the term of this Decree, and thereafter consistent with applicable law, and shall consider existing Applicants when next hiring for the position of laborer for the term of this Decree. The same procedures shall apply to any Application submitted by an Applicant who fails to indicate his or her preference for a particular position, or who indicates that his or her desired job is "any" or an "open" position with Champion. All Applications described in this Paragraph shall be considered for all open laborer positions consistent with Champion's normal process for considering prior Applications for open positions.

41.     **Consideration of Eligible Claimants for Employment.** In addition to distributing Settlement Funds to Eligible Claimants pursuant to the applicable provisions of this Decree, Champion shall include written information or instruction about how to apply for a laborer position with Champion, with the payment of Settlement Funds to each such Eligible Claimant, which additionally indicates that the Eligible Claimant is not prohibited from applying. If an Eligible Claimant submits an Application, Champion shall consider that individual's eligibility and qualifications for employment with Defendant as a laborer according to the hiring criteria, procedures and guidelines described at Paragraph Nos. 47-48 of the Decree.

42.     **Self-Identification Form for Applicants.** Within thirty (30) days of the Effective Date of the Decree, Champion shall implement the use of the Voluntary Self-Identification Form,

attached to this Decree as **Exhibit B,** and incorporated herein by reference, which, for the duration of this Decree, shall be provided to each Applicant with and at the same time as an application for employment as a laborer, and shall be maintained by Champion with each such application.

43.     **Maintaining Application Documents.** For the duration of the Decree, Champion shall maintain all completed, submitted Applications, as well as the Voluntary Self-Identification Form for Applicants, described at Paragraph No. 42, and all other Application-related documents submitted by such Applicants, including all interview notes, emails, if any (but not including any emails protected by a legally-recognized and -defined privilege), and other Application-related documents pertaining to hiring decisions, as well as all onboarding forms, for all employees hired for the position of laborer during the term of the Decree. The Voluntary Self-Identification Forms should be maintained separately from any personnel file established or maintained with regard to any Applicant hired for a laborer position. Champion shall make all applications and Voluntary Self-Reporting Forms available to the EEOC for inspection and copying within ten (10) business days of the receipt of a request for the information and documentation by the EEOC.

44.     **Implementation of Applicant Tracking System.** Champion shall develop, implement, and maintain a recruitment and hiring system that tracks applicant flow data for all laborer Applicants, including the status of each Applicant for a laborer position ("Applicant Tracking System"), in the form of an Excel spreadsheet or other electronic tool selected by Champion so long as the chosen method is accessible by the EEOC. The Applicant Tracking System shall contain, at a minimum, the following:

> a.     each Applicant's full name, home address, email address, and all telephone numbers;
>
> b.     the Applicant's race and/or ethnicity, as provided on the Voluntary Self-Identification Form for Applicants described at Paragraph No. 42 (if such Applicant chooses to complete this information on the form);

16

    c.      job position sought by the Applicant and/or for which he or she was considered;

    d.      date(s) the application was submitted to Champion;

    e.      if applicable and if known, the method(s) by which the Applicant was recruited for a laborer position;

    f.      the reason the Applicant was not chosen for a position, if applicable;

    g.      date of hire, if applicable;

    h.      job title and rate of pay at time of hire, if applicable;

    i.      hired laborer's termination date, if applicable;

    j.      reason(s) for termination, if applicable; and

    k.      rehire date, if applicable.

45.    **Semi-Annual Reporting of Outreach and Recruiting Efforts.** Champion shall include a summary of its outreach, recruiting, and hiring efforts in its Semi-Annual Report to the EEOC, described at Paragraph No. 66 of this Decree, and shall provide documents that support these efforts to the EEOC, upon request.

46.    **Annual Reporting Regarding Recruiting Efforts and Hiring Goal.** Champion shall also provide an annual written report, which may be submitted with a Semi-Annual Report, described at Paragraph No. 66, regarding its efforts outlined in Paragraph Nos. 37 and 38 of this Decree, which includes the percentages of current, qualified non-Hispanic and non-Spanish-speaking (if such information is known) laborer Applicants and employees and current, qualified Hispanic and Spanish-speaking (if such information is known) Applicants and employees; all completed laborer job Applications and all  completed Voluntary Self-Identification Forms for

Applicants for the prior 12-month period; an appropriate document (Excel spreadsheet or otherwise) summarizing all Applicant flow data obtained and tracked through the Applicant Tracking System referenced at Paragraph No. 44 for the preceding year; and if the Hiring Goal, described at Paragraph Nos. 37-38 is not met, a summary of recruiting and hiring efforts, and any necessary explanation for the reasons why the Hiring Goal was not met.

## HIRING PROCEDURES

47.    **Hiring Procedures and Hiring Criteria.** Within 120 days of the Effective Date of this Decree, Champion shall develop and implement written hiring procedures, guidelines and job-related hiring criteria to be disclosed to all Applicants and hiring officials designated by Champion during the term of this Decree to ensure that such individuals are evaluated based on qualifications and interest in open positions and not on race or national origin, or ability or inability to speak Spanish. The hiring criteria may be, but is not required to be, in the form of a job description, and the criteria shall expressly prohibit laborer hiring decisions based on race or national origin or the ability of inability to speak Spanish.

48.    **Complaint Process.** The Complaint policies and procedures described in detail at Paragraph No. 55 shall apply to Applicants, as well as employees, who believe they have been subjected to unlawful discrimination. Language describing the complaint process shall be incorporated into Champion's Application for Employment or provided to Applicants as an addendum to the Application for Employment.

49.    **Approval by EEOC.** Champion shall submit all procedures, criteria, and processes described at Paragraph Nos. 47-48 to the EEOC prior to implementation and within the time periods set forth or incorporated in those Paragraphs, and shall make any changes to such procedures, criteria, and processes, if any, mandated by the EEOC prior to the date of implementation by Champion.

18

## POSTING OF NOTICES

50.     **Posting of Notice in the Workplace.** Within thirty (30) days following the Effective Date of this Decree, Champion shall post one or more same-sized copy(ies) of the Notice attached as **Exhibit C**, attached to this Decree and incorporated herein by reference, in one or more conspicuous locations which are easily accessible to and commonly frequented by Applicants and by laborer employees. Alternatively, such Notice shall be posted in such other manner as it reasonably designed to be seen or received by all such individuals.

51.     **Maintenance of Notice for Duration of Decree.** The Notice shall remain posted for the duration of the Decree. Champion shall ensure that the Notice is not altered, defaced, or obscured by any other material.

52.     **Provision of Copies of Notice.** An individual copy of the Notice shall be provided by Champion to each Applicant at the time an Application is requested or provided for the duration of this Decree. Upon request by any Applicant, worker, employee, vendor, or other individual who visits the workplace, Champion shall provide that individual with a true and correct copy of the Notice to be retained by the individual in his or her discretion.

53.     **Certifying Compliance.** Champion shall certify to the EEOC in writing within five (5) days after posting the Notice required by Paragraph No. 50 of this Decree that the requisite copy(ies) of the Notice have been properly posted and shall identify the location(s) of the posted copy(ies).

## POLICIES AGAINST DISCRIMINATION

54.     **Implementation of New or Revised Anti-Discrimination Policy.** Within ninety (90) days of the Effective Date of this Decree, Champion shall review its policy prohibiting discrimination and retaliation and revise the policy, if necessary, so that it includes, at minimum,

19

the following: prohibition against unlawful workplace discrimination against employees and Applicants, including race and national origin discrimination and harassment, including examples of actions that are prohibited; a prohibition against retaliation for complaining about or objecting to discrimination or harassment, or otherwise engaging in activity protected by Title VII; and a statement indicating that individuals found to have engaged in unlawful workplace discrimination or harassment, including race or national origin discrimination or harassment, or retaliation will be subject to discipline, up to and including termination of employment.

55.    **Implementation of New or Revised Complaint and Investigative Procedures.** Within ninety (90) days of the Effective Date of this Decree, Champion shall review its policies and procedures governing making and handling complaints of discrimination and retaliation. Champion shall make revisions, as necessary, so that Applicants and employees who believe they have been subjected to unlawful discrimination are encouraged to make an internal complaint to Champion or to the EEOC. The policies/procedures shall include, at minimum, the following to include procedures for making complaints of discrimination and procedures for investigating such complaints, which will include, at a minimum, the following: (1) prohibition against retaliation for complaining about or objecting to discrimination or harassment, or otherwise engaging in activity protected by Title VII, internally within Champion, with notice that complaints may also be made to the EEOC; (2) clear, viable options for reporting concerns or complaints of discrimination internally to designated managers, supervisors, and Human Resources representatives of Champion (providing applicable telephone numbers and/or email addresses as appropriate); (3) notice that employees are not required to report such concerns to any person they allege to have engaged in such conduct; (4) a directive that any supervisor or manager who receives a complaint of unlawful workplace discrimination or harassment, including race or national origin discrimination or harassment, or retaliation, or who witnesses or otherwise becomes aware of such discrimination,

harassment, or retaliation, must report the conduct to Human Resources and/or another designated individual within three (3) business days of receipt of the information; (5) a provision that Champion will protect the confidentiality of all discrimination, harassment, and retaliation complainants to the extent possible consistent with a prompt, thorough investigation; and (6) a provision that, promptly upon the conclusion of its investigation of a complaint, Champion will communicate to the complaining party that the investigation has been concluded and that any necessary corrective action has been taken, where appropriate, or that the issue has been otherwise resolved. Within the same time period, Champion shall develop and implement procedures for conducting an internal investigation of a complaint of discrimination, harassment, or retaliation, including designation of an individual or individuals to investigate such a complaint, which may be maintained by a designated individual(s) and which need not be distributed to employees who are not involved in maintaining or carrying out the duties of the investigative procedures.

56.     **Notification and Distribution of Policies.** Champion shall notify all existing employees of all policies and procedures described at Paragraph Nos. 54 and 55, within 120 days of the Effective Date of this Decree. For the duration of this Decree, such policies shall be distributed to and/or made available for review by all employees and new hires upon hire. Champion shall also provide a copy of its policies, described at Paragraph Nos. 54 and 55 (except for investigative procedures), to each Applicant with each Application, or integrate the policies into the Application provided to Applicants or into an addendum to the Application for Employment as described in Paragraph No. 48, for the duration of the Decree.

57.     **Approval by EEOC.** Champion shall submit all procedures, criteria, and processes described at Paragraph Nos. 54-55 to the EEOC prior to implementation and within the time periods set forth in those Paragraphs, and shall make any changes to such procedures, criteria, and processes, if any, mandated by the EEOC prior to the date of implementation by Champion.

## TRAINING

58.     **Employee Training.** During the term of this Decree, Champion shall provide annual training of no less than one (1) hour in duration for all non-management employees regarding Title VII's prohibition on discrimination based on race and national origin (including, without limitation, discrimination in hiring, racial harassment, and other terms and conditions of employment) and retaliation.

59.     **Management Training.** During the term of this Decree, Champion shall provide annual training of no less than two (2) hours to all managers, supervisors, Human Resources professionals, officers, owners, and all other employees of Champion who have any responsibility for hiring (including by having input into or deciding which Applicants to interview or hire, interviewing Applicants, or making hiring decisions) or for enforcing Champion's policies against discrimination and retaliation. The training is to include instructions regarding the requirements of Title VII and each such employee, officer, or owner's responsibilities to prevent and correct discrimination, harassment, and retaliation under Title VII.

60.     **Timeline for Annual Training Sessions.** The first training sessions described at Paragraph Nos. 58 and 59 shall be conducted within ninety (90) days following the Effective Date of this Decree. Additional training sessions shall be conducted annually for the duration of the Decree starting on the one-year (12 month) anniversary of the first training dates.

61.     **Trainer and Curriculum.** All training required by this Section shall be conducted by an outside, independent specialist in the field of EEO rights and statutes retained and paid for by Champion and approved by the EEOC. At least thirty (30) days prior to the initial training sessions described in Paragraph Nos. 58 and 59, Defendant shall provide to the EEOC the name of the instructor(s) conducting the training sessions, his or her (or their) title(s) or affiliation(s), and his or her (or their) qualifications for conducting the training, as well as a copy of the curriculum(s)

to be utilized. If the EEOC notifies Defendant during the thirty (30) day period between receipt by the EEOC and the initial training sessions that it does not approve the instructor(s) and/or the curriculum(s), Champion shall have twenty (20) days thereafter to submit information pertaining to a new instructor(s) and/or curriculum(s). If the instructor(s) and/or curriculum(s) utilized for any future training session changes, Champion shall submit this information to the EEOC for approval in the same manner and within the same timeframes described in this Paragraph.

62.     **Certifying Compliance.** Champion shall certify to the EEOC, in writing, in each Semi-Annual Report, described at Paragraph No. 66, which immediately follows each such session, that each annual training session described at Paragraph Nos. 58 and 59 has been conducted, and shall provide the following information: the date, location, and duration of the training session, the total number of participants, and a registry of attendance (*e.g.*, group sign-in sheet) or other written acknowledgment of receipt of such training by each individual attendee.

## **RECORD KEEPING**

63.     **Compliance Documents to be Maintained and Made Available Upon Request.** For the duration of the Decree, Champion shall maintain and make available for review, inspection and copying by the EEOC, upon the EEOC's request, documents that show Defendant's compliance with the terms of this Decree.

64.     **Applications and Applicant Flow Data to be Maintained.** Documents to be maintained by Champion for the term of this Decree include all laborer Applications, including Applications on which an Applicant fails to indicate his or her preference for a particular position or indicates that his or her desired job is "any" or an "open" position with Champion, as well as all Voluntary Self-Identification Forms and all other documents and information outlined in this Decree, including, but not limited to, all documents enumerated at or which support information described at Paragraph Nos. 35-46 of the Decree.

23

65.     **Time for Production of Documents Following Request.** Champion shall make the documents or records, including those described at Paragraph Nos. 63-64, which show Defendant's compliance with the terms of this Decree, available for inspection and copying within thirty (30) days after the EEOC so requests.

## REPORTING

66.     **Semi-Annual Reports.** Except as otherwise provided in specific provisions of this Decree, six (6) months after the Effective Date of the Decree, and at six (6) month intervals thereafter for the duration of the Decree, Champion shall provide Semi-Annual Reports to the EEOC. Champion's final Semi-Annual Report shall be submitted to the EEOC at least thirty (30) days but no more than sixty (60) days prior to the expiration of the Decree. Defendant's Semi-Annual Reports shall summarize its Good Faith Efforts to comply with the terms of this Decree and shall cover all applicable aspects of this Decree. Champion shall maintain the documents relied on to prepare any reports and, in compliance with Paragraph Nos. 63-65, shall make the documents available to the EEOC, upon the EEOC's request.

67.     **No Modification to Champion's Statutory and Regulatory Duties.** This Decree shall not be viewed as modifying in any manner Champion's legal obligations independent of this Decree.

## COURT ENFORCEMENT

68.     **Notice and Opportunity to Remedy; Dispute Resolution; Court Intervention.** Either party may raise concerns arising from this Decree and the Parties agree to meet and/or confer regarding such disputes and/or concerns when necessary and to the extent other remedies are not otherwise provided in the Decree. During the term of this Decree and while any requirements mandated by this Decree remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate.

For any breach alleged by the EEOC, the EEOC will provide written notice to Champion who will then have fifteen (15) days for the opportunity to cure such breach. If the EEOC determines that Defendant has failed to cure any alleged breach(es) after the fifteen (15)-day period, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree and to seek contempt sanctions for non-payment and/or other non-compliance with this Decree.

## RETENTION OF JURISDICTION

69.    **From Effective Date to Expiration Date.** Except as otherwise provided at Paragraph No. 24, all provisions of this Decree shall be in effect, and the Court shall retain jurisdiction of this matter to enforce this Decree, for a period of forty-eight (48) months from the Effective Date of the Decree.

## MISCELLANEOUS PROVISIONS

70.    **Provision of Decree to Successors in Interest.** Since the terms of this Decree are binding on the present and future directors, officers, managers, agents, successors and assigns of Champion, Champion and any successor(s) shall provide a copy of this Decree to any organization or person who proposes (in writing) to acquire or merge with Champion or any successor, prior to the effectiveness of any such acquisition or merger. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

71.    **Each Party Responsible for Its Own Costs.** Each party to this Decree shall bear its own expenses, attorney's fees, and costs related to the lawsuit.

72.    **Calculation of Time Periods and Deadlines**. Each time period referenced in this Decree is to be measured in calendar days unless otherwise specified. To the extent the last day of any time deadline imposed on Champion as provided for in this Decree falls on a weekend or a holiday established by Champion applicable to its workforce, such deadline shall be extended to

the next business day.

73.     **Severability.** If any provision(s) of this Decree is found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

74.     **Plaintiff's and Defendant's Designees.** When this Decree requires notifications, reports, and communications to the Parties, they shall be made in writing and hand-delivered, mailed, e-mailed, or faxed to the following persons:

For EEOC:

Connie W. Gatlin
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, TX 77002
Phone: (346) 327-7710
Facsimile: (713) 651-7995
connie.gatlin@eeoc.gov

For Champion:

Alexis C. Knapp
Littler Mendelson, PC
1301 McKinney, Suite 1900
Houston, Texas 77010
Phone: (713) 652-4706
Fax: (713) 513-5968
aknapp@littler.com

Any party may change such persons or addresses by written notice to the other party, setting forth a different individual or address for this purpose.

**ORDERED** AND **SIGNED** this 17th day of ____April____, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

Agreed to as to form and content:

FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

 /s/ Connie W. Gatlin_____

CONNIE W. GATLIN
connie.gatlin@eeoc.gov [email]
Senior Trial Attorney/Attorney-in-Charge
Texas Bar No. 00792916
S.D. Tex. No. 23624
Equal Employment Opportunity Comm'n
1919 Smith Street, 6th Floor
Houston, Texas 77002
(346) 327-7710
(713) 651-7995 [facsimile]

FOR DEFENDANT
CHAMPION FIBERGLASS, INC.

 /s/ Alexis Knapp, by permission CWG

ALEXIS C. KNAPP
aknapp@littler.com [email]
Attorney-in-Charge
Texas Bar No. 24060100
S.D. Tex. No. 871271
JONATHAN SPRAGUE
jsprague@littler.com [email]
Texas Bar No. 24075113
S.D. Tex. No. 1132053
Littler Mendelson, P.C.
1301 McKinney St., Suite 1900
Houston, Texas 77010
(713) 951-9400
(713) 951-9212 [facsimile]